TATE, Justice,
dissenting.
The trial court found executive officer liability in the complete and blatant disregard of the company’s own safety regulations, and the complete lack of a safety program of any implementation effort to enforce these safety regulations on the construction contract in question. The uncon-tradicted evidence shows that the plaintiff's fall from a scaffold resulted from a violation on the job of a safety regulation which prohibited movement of scaffolding with workmen on it — forbidding workmen “riding” the scaffolding when it was moved from one location to another.
In the direct action against the insurer of the executive officers of the company, I do not see that it is fatal to the plaintiff’s suit that he did not discover or name exactly which executive officer was directly responsible to. supervise and make sure safety regulations were implemented, when it is obvious under the trial court’s appreciation of the evidence that whichever executive officer was responsible was totally neglectful of assuring the safety of employees on this construction contract.
I would therefore grant the plaintiff’s application in order to review the intermediate court’s reversal of the plaintiff’s judgment of $13,726.90 for Ms injuries against the liability insurer of the Atlas executive officers.